UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTINA HORNADAY-ALBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00337-JPH-TAB |
| ) | |
| REBECCA FRECHETTE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON IHA DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.     Introduction**

Defendants Indianapolis Housing Agency, Kimberly Wize[1], and Yvonda A. Bean (collectively, the IHA Defendants) move to strike Plaintiff Kristina Hornaday-Alberts' second amended complaint [Filing No. 91]. [Filing No. 93.]  The IHA Defendants argue that Plaintiff's "Second Amended Complaint and Request for a Jury Trial" [Filing No. 91] should be stricken because it is not the amended pleading the Court granted her permission to file.  As explained in more detail below, the Court agrees.  The amended pleading Plaintiff filed contains material differences from the proposed pleading.  Accordingly, Defendants' motion to strike Plaintiff's second amended complaint is granted.

---

[1] Defendants indicate that Wize is incorrectly named in Plaintiff's complaint as "Kimberly Wise."

## II. Background

Plaintiff filed her initial complaint in this action in February 2025. [Filing No. 1.] In June 2025, Plaintiff sought leave to file a first amended complaint, which the Court granted. [Filing Nos. 46 and 49.] On September 19, 2025, Plaintiff filed a motion for leave to file a second amended complaint and attached a proposed amended complaint to her motion. [Filing No. 81]. The attached proposed amended complaint was titled "Second Amended Complaint for Declaratory, Injunctive, Relief, Damages and Jury Trial." [Filing No. 81-1.] At the time, Defendants had motions to dismiss pending. [Filing Nos. 56, 58, and 60.][2] Thus, on October 8, 2025, the Court granted Plaintiff's motion. [Filing No. 90.] The Court's order stated Plaintiff had until October 26, 2025, to file her second amended complaint, and all pending motions to dismiss were denied as moot.

On October 17, 2025, Plaintiff filed an amended complaint titled "Second Amended Complaint and Request for Jury Trial." [Filing No. 91.] However, Defendants have moved to strike Plaintiff's second amended complaint because it contains significant differences from the proposed second amended complaint [Filing No. 81-1] that the Court granted Plaintiff leave to file.

## III. Discussion

Defendants argue that Plaintiff's second amended complaint should be stricken because it is not the amended pleading that the Court granted her permission to file. In addition to a different title, it contains significantly different allegations than the proposed amended complaint attached to Plaintiff's motion to amend. Different verbiage is used, including completely new

---

[2] While not specifically articulated in the order granting Plaintiff's motion, the Court had hoped that allowing Plaintiff to make the requested second amendments would resolve some of the problems noted in Defendants' motions to dismiss.

2

factual allegations, citations to different regulations and statutes, and factual allegations. Plaintiff's amended pleading [Filing No. 91] contains two completely new counts—a 10th and 11th claim for relief—which Plaintiff has never asserted in this case previously and which she did not include in her proposed second amended complaint [Filing No. 81-1] attached to her motion to amend. Plaintiff's motion seeking leave to amend specifically listed Claims 1-9 against defendants and made no mention of the claims she now asserts as Claims 10 and 11. [Filing No. 81-1, at ECF p. 11-12; compared to Filing No. 91, at ECF p. 47-48 (containing the new claims).] Defendants provided the Court with a comparison document highlighting the substantive differences between the proposed amended complaint [Filing No. 81-1] and the updated version [Filing No. 91]. [Filing No. 93-1.]

Defendants argue that Plaintiff was required under Federal Rule of Procedure Rule 15 to seek the Court's permission to file an amended complaint, and under Southern District of Indiana Local Rule 15-1 to attach the proposed amended complaint to her motion. Instead, Plaintiff filed an amended complaint she had not been granted permission to file. In doing so, she thwarted the advanced notice that Local Rule 15-1 provides to other parties regarding what her amendment will entail. Defendants cite *Innovative Water Consulting, LLC v. SA Hospital Acquisition Group, LLC*, No. 1:22-cv-500, 2023 WL 130531, at *4 (S.D. Ind. Jan. 9, 2023), where "after submitting a proposed amended pleading and obtaining leave from this Court to file that pleading, [the plaintiff] filed a different pleading containing a new allegation and new cause of action." This Court struck the amended complaint because the plaintiff "had no authority to file any pleading inconsistent with the Proposed Amended Complaint." *Id.*

Plaintiff attacks Defendants' reliance on *Innovative Water* on the grounds that it is an unpublished decision. However, that does not prevent Defendants from citing to it or this Court

3

from considering it as persuasive authority. Plaintiff also attempts to distinguish the facts of *Innovative Water*, but in doing so, she misstates them. [Filing No. 106, at ECF p. 5.] Plaintiff claims that in *Innovative Water*, this Court struck the plaintiff's amended pleading because the plaintiff had filed it without obtaining leave of court. This is inaccurate. In reality, the Court stated that the plaintiff filed a motion for leave to amend the complaint, but after the Court granted leave to amend, the plaintiff filed an amended complaint that differed from the proposed pleading—containing both a new factual allegation and a new claim. *Id.*

Plaintiff also misled the Court regarding the holding in *QFS Transportation, LLC v. Intermodal Cartage Co., LLC*, No. 1:22-cv-2356-TWP-MDJ, 2023 WL 8527207, at *5 (S.D. Ind. Sept. 8, 2023). In *QFS Transportation*, this Court denied the defendants' motion to strike the plaintiff's amended complaint, despite differences between the amended pleading and the proposed version. However, the only difference between the proposed version and the amended complaint—which Plaintiff here fails to mention—was the deletion of inaccurate information about the plaintiff's principal place of business. *Id.* The Court considered the "immaterial nature of the alleged omission" and failed to see any reason to require the plaintiff to file another amended complaint. *Id.* In contrast, in the present case, Plaintiff made much more extensive changes than just updating location information. Plaintiff's amended pleading [Filing No. 91] contains not just one new factual allegation or claim (like in *Innovative Water*), but several significant edits, including additions to her factual allegations and the assertion of two new claims. Thus, *Innovative Water* and *QFS Transportation* both support the relief Defendants request—striking Plaintiff's second amended complaint.

Plaintiff's response is full of references to Rule 15's refrain that leave to amend should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). This gets Plaintiff nowhere,

4

since the Court *did* grant Plaintiff leave to amend. [Filing No. 90.] Moreover, Local Rule 15-1's requirement that the moving party attach a copy of the proposed amended pleading to the motion allows opposing parties to learn exactly what amendments are being sought and informs their decision-making regarding whether to object. *See* S.D. Ind. L.R. 15-1. Local Rule 15-1 also places the proposed amended pleading before the Court before it determines whether "justice so requires" allowing the amendment. However, by filing an amended pleading with significant differences, Plaintiff circumvented the Court's procedures and thwarted Defendants' ability to object. Plaintiff's position—that a party who seeks and obtains leave to amend can then file a completely different complaint than the version attached to the motion—is preposterous. It would render Local Rule 15-1's requirement to attach a copy of the proposed complaint meaningless. Thus, Defendants' motion to strike Plaintiff's second amended complaint is granted. [Filing No. 93.]

### IV.   Conclusion

For all these reasons, Defendants' motion to strike Plaintiff's second amended complaint is granted. [Filing No. 93.] Plaintiff's second amended complaint [Filing No. 91] is stricken. Plaintiff has seven days to file an amended complaint consistent with the one attached to her original motion to file a second amended complaint. If Plaintiff fails to do so, the Court will strike any amended complaint that does not materially match the version she received leave to file, her prior complaint will be reinstated as the operative complaint, and Defendants' motions to dismiss will reviewed.

Date: 11/25/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email